UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JORGE MARIO LOPEZ,

    Plaintiff,

v.

MODEL ROW INC.,
ROBERT BORN,

    Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, JORGE MARIO LOPEZ, brings this action against Defendants, MODEL ROW INC. and ROBERT BORN, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff JORGE MARIO LOPEZ was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, MODEL ROW INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of landscaping, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with two or more of its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendants, along with their employees, used and operated equipment and tools that were manufactured outside Florida.

5. Defendant, ROBERT BORN, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, MODEL ROW INC.; said Defendant acted and acts directly in the interests of Defendant, MODEL ROW INC., in relation to said co-Defendant's employees. Defendant effectively dominates MODEL ROW INC. administratively, has the power to act, on behalf of the corporation relative to its employees, and had the authority to direct and control the work of others.

6. Defendant ROBERT BORN controlled Plaintiff's compensation.

7. Defendant ROBERT BORN controlled Plaintiff's duties.

8. Defendant ROBERT BORN controlled Plaintiff's hours worked.

9. Defendant ROBERT BORN had hiring and firing authority over Plaintiff.

10. Defendant ROBERT BORN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Plaintiff JORGE MARIO LOPEZ was employed by Defendants as an irrigation tech.

12. Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

13. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as information is uncovered through the discovery process.

14. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

15. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

# COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

Elliot Kozolchyk, Esq.
Bar No.: 74791